UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DP CREATIONS LLC D/B/A BOUNTIFUL BABY,<br><br>      Plaintiff,<br>  v.<br><br>KE YI KE ER SHENZHEN TOYS CO LTD D/B/A MIAIO TOYS,<br>      Defendant. | CASE NO. C24-0240-KKE<br><br>ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE |

This matter comes before the Court on Plaintiff's motion for alternative service per Federal Rule of Civil Procedure 4(f)(3). Dkt. No. 4. For the below reasons, the Court grants the motion.

## I. BACKGROUND

This is a copyright dispute. Plaintiff DP Creations, LLC d/b/a Bountiful Baby ("Bountiful Baby") sells kits and supplies for making realistic baby dolls and has registered related copyrights. Dkt. No. 1 ¶¶ 2–3, Dkt. Nos. 1-1–1-3. Bountiful Baby filed this complaint against Defendant Ke Yi Ke Er Shenzhen Toys Co Ltd d/b/a Miaio Toys ("Miaio") alleging it is selling infringing products on Amazon.com. Dkt. No. 1 ¶ 13, Dkt. No. 1-4. When Bountiful Baby first learned of this infringement, it submitted infringement notifications to Amazon. Dkt. No. 4 at 2. On April 24, 2023, Amazon notified Bountiful Baby that Miaio had submitted a counter infringement notice. Dkt. No. 1-5. The counter infringement notice was signed by Shaoru Chen and provides an email address and phone number. *Id.* The mailing address in the counter infringement notice is corrupted (Dkt. No. 1-5; Dkt. No. 4 at 3 n.2), but the complaint lists the address as No. 34 Xiangyin Road,

Nanlian Community, Longgang Street, Building 4 301, Shenzhen, Guangdong, 518400, China. Dkt. No. 1 ¶ 5.  Shaoru Chen electronically signed the counter infringement notice and declared the following statements under "penalty of perjury under the laws of the United States of America":

> ?? (I) I am located in the United States and I consent to the jurisdiction of the Federal District Court for the judicial district in which my address is located (OR) I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found. ?? (II) I agree to accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person.

*Id.*[1]  In the email from Amazon notifying Bountiful Baby of Miaio's counter infringement notice, Amazon states, "We will allow this material to become accessible, unless you provide us with notice that a lawsuit has been filed against the counter-noticing party within 10 business days." *Id.*

On May 11, 2023, Bountiful Baby sued Miaio in the District of Utah under case number 2:23-cv-00311 ("Utah Action").  *DP Creations, LLC v. Ke Yi Ke Er Shenzhen Toys Co.*, No. 2:23-CV-00311-CMR, 2023 WL 6065296, at *1 (D. Utah Sept. 18, 2023) ("Utah Service Order").  On June 6, 2023, Bountiful Baby moved for alternative service in the Utah Action.  *Id.*  Magistrate Judge Cecilia M. Romero granted the motion, finding email service was appropriate under Federal Rule of Civil Procedure 4(f)(3).  *Id.*  Magistrate Judge Romero also required Bountiful Baby to effect service by certified mail to Miaio's physical address in China.  *Id.* at 3.  Miaio, through counsel, then moved to dismiss for lack of personal jurisdiction which Judge Tena Campbell granted, holding that Miaio was subject to personal jurisdiction in the Western District of Washington or Delaware.  *DP Creations, LLC v. Ke Yi Ke Er Shenzhen Toys Co.*, No. 2:23-CV-311-TC-CMR, 2024 WL 664710, at *2 (D. Utah Feb. 16, 2024) ("Utah Dismissal Order").  The

---

[1] The counter infringement notice does not explain the use of question marks or include any information with a subsection (c)(1)(C). Dkt. No. 1-5.

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 2

Utah case was dismissed without prejudice (*id.*) and Bountiful Baby refiled its complaint in this Court (Dkt. No. 1).

Bountiful Baby now moves this Court to also allow service by email under Federal Rule of Civil Procedure 4(f)(3).  Dkt. No. 4.

## II.   ANALYSIS

The Court has subject matter jurisdiction over this case because it arises under federal law. 28 U.S.C. § 1331; 17 U.S.C. § 106 *et seq*.

**A.    Legal Standard**

Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations and states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f) has three subparts, providing three separate means to complete international service; one is not preferred over another.  *See Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002) ("[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.") (cleaned up).  Bountiful Baby seeks to serve Miaio under Rule 4(f)(3) which allows service "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Courts in the Ninth Circuit require service under Rule 4(f)(3) to meet three thresholds: (1) it "must not be prohibited by international agreement"; (2) it "must comport with constitutional notions of due process"; and (3) "the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1015–16.  It is within "the discretion of the district court to balance the limitations of email service against its benefits in any particular case." *Id.* at 1018; *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017).  The Court will address each threshold in turn.

B.     **Email Service Is Not Prohibited by International Agreement.**

Miaio is physically located in China.  Dkt. No. 1 ¶ 5.  China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638.  *See* signatory list available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited April 11, 2024).  While China has objected to service provided in Article 10 (allowing service through "postal channels" and judicial officers) (*id.*), courts in the Ninth Circuit have held that this objection does not prohibit service by email.  *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, No. 2:18-CV-01530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (collecting cases).

C.     **Email Service Comports with Due Process.**

To "comport with constitutional notions of due process," service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Rio Props*., 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 314 (1950)).  With the added requirements that Bountiful Baby provide copies of all filings in this case to Miaio's counsel in the Utah Action by email and to the physical address in China by certified mail, the Court is confident that Miaio will be informed of this case because the same email service was used in the Utah Action, which Miaio successfully defended.  *See* Utah Service Order & Utah Dismissal Order.  Moreover, as Bountiful Baby persuasively argues, as an online seller, Defendant relies primarily on electronic communications to communicate with customers, which demonstrates the reliability of this method of communication.  Dkt. No. 4 at 3.

D.     **Alternative Service Is Necessary.**

Courts consider various factors when evaluating whether alternative service is necessary,

including prior service attempts, importance of expedient service, or evidence that defendant is evading service. *See, e.g.*, *Microsoft Corp.*, 703 F. App'x 476; *Anova Applied Elecs., Inc. v. Inkbird Tech C.L.*, No. C23-0845-JLR, 2023 WL 5973986, at *3–4 (W.D. Wash. Sept. 14, 2023); *Nexon Korea Corp. v. Ironmace Co.*, No. C23-576-MLP, 2023 WL 3599548, at *3 (W.D. Wash. May 23, 2023). Bountiful Baby argues only that alternative service is appropriate "[b]ecause the Defendant has expressly consented to accept service of process and has provided its email address in connection with this dispute." Dkt. No. 4 at 7. While Bountiful Baby does not argue that Miaio expressly consented to receive *email* service, the Court finds email service is appropriate here. In addition to the reasons articulated above, the Court finds that the parties' participation in the Utah Action supports permitting email service on Miaio. In light of its litigation position in Utah, including the recognition that this Court would have personal jurisdiction over Miaio, Miaio will not be surprised by these proceedings and email service is an efficient and fair means to notify Miaio of this case. Finally, additional efforts to effect service would be inefficient at this point.

### III.  CONCLUSION

Accordingly, the Court GRANTS Bountiful Baby's motion for alternative service. Dkt. No. 4. Bountiful Baby is ORDERED to complete service by all of the following actions:

1. Email all filings in this action to cpehrson@kba.law.

2. Email all filings in this action to 445013509@qq.com.

3. Send all filings in this action by certified mail to:

   Ke Yi Ke Er Shenzhen Toys Co., Ltd. Dba Miaio Toys
   No. 34 Xiangyin Road, Nanlian Community, Longgang Street
   Building 4 301
   Shenzhen, Guangdong, 518400, CN

Dated this 15th day of April, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 5