UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DP CREATIONS LLC D/B/A BOUNTIFUL BABY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KE YI KE ER SHENZHEN TOYS CO LTD D/B/A MIAIO TOYS,<br><br>　　　　　　　Defendant. | CASE NO. C24-0240-KKE<br><br>ORDER GRANTING MOTION FOR OVERLENGTH BRIEF AND GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT |

Plaintiff DP Creations LLC d/b/a Bountiful Baby ("Bountiful Baby") accuses Defendant Ke Yi Ke Er Shenzhen Toys Co. Ltd. d/b/a Miaio Toys ("Miaio") of copyright infringement. Miaio has not appeared. The Court has reviewed the motion, exhibits, and balance of the record and finds Bountiful Baby has shown it is entitled to default judgment on its copyright infringement claim and that it is entitled to some, but not all, of the statutory damages it seeks. Bountiful Baby is also entitled to its attorney's fees and costs and injunctive relief in compliance with Federal Rule of Civil Procedure 65(d)(2). Because Bountiful Baby is not entitled to all the remedies it seeks, the Court grants in part and denies in part the motion for default judgment.

ORDER GRANTING MOTION FOR OVERLENGTH BRIEF AND GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT - 1

## I. BACKGROUND

Bountiful Baby is a "designer and creator of kits and supplies for making realborn dolls[.]" Dkt. No. 18 ¶ 3. Bountiful Baby owns two sculpture copyrights. Dkt. Nos. 1-1 (VA 2-287-983, Ashley Asleep Head), 1-2 (VA 2-288-229, Ashley Asleep-Awake Arms).[1] Bountiful Baby alleges Miaio sold counterfeit dolls online through Amazon.com ("Amazon") and that the product image "depicts both the Ashley Asleep Head and the Ashley Asleep/Awake Arms[.]" Dkt. No. 17 at 7.

Bountiful Baby submitted a Digital Millenium Copyright Act ("DMCA") Notice of Copyright Infringement to Amazon "alleging that Defendant's product listing infringed Bountiful Baby's registered copyrights." Dkt. No. 18 ¶ 20. On April 24, 2023, Amazon informed Bountiful Baby that Miaio had submitted a counter notice under § 512(g) of the DMCA (17 U.S.C. § 512(g)(3)). Dkt. No. 1-5.

Bountiful Baby then sued Miaio in the United States District Court for the District of Utah for copyright infringement. *See DP Creations, LLC v. Ke Yi Ke Er Shenzhen Toys Co.*, No. 2:23-CV-311-TC-CMR, 2024 WL 664710, at *1 (D. Utah Feb. 16, 2024). Miaio, through counsel, moved to dismiss for lack of personal jurisdiction which United States District Judge Tena Campbell granted, holding that Miaio was subject to personal jurisdiction in the Western District of Washington or Delaware. *Id.* at *2. The Utah case was dismissed without prejudice (*id.*) and Bountiful Baby refiled its complaint for copyright infringement in this Court (Dkt. No. 1).

On April 15, 2024, the Court granted Bountiful Baby's motion for alternative service, instructing Bountiful Baby to mail all filings to the physical address and email address provided by Miaio to Amazon (Dkt. No. 1 ¶ 5). Dkt. No. 9 at 5. The Court also required Bountiful Baby to

---

[1] Bountiful Baby's complaint and motion for default judgment reference a third copyright but do not move for entry of default judgment or damages arising from this copyright, thus this Order does not address that copyright. *See* Dkt. No. 17 at 6, 16; Dkt. No. 1 ¶ 12; Dkt. No. 1-3.

ORDER GRANTING MOTION FOR OVERLENGTH BRIEF AND GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT - 2

email all filings to the email address of Miaio's counsel who appeared in the Utah action. *Id.* Bountiful Baby provided proof of service in accordance with the Court's order. Dkt. Nos. 10, 13. As Miaio failed to appear, the Court granted Bountiful Baby's motion for entry of default. Dkt. No. 15.

Bountiful Baby now moves for default judgment against Miaio, and seeks an award of $300,000 in statutory damages, $8,730.14 in attorney's fees and costs, and a permanent injunction restraining Miaio from infringing Bountiful Baby's copyrights. Dkt. Nos. 17, 17-1. Bountiful Baby also moved for leave to file an overlength motion. Dkt. No. 16.

## II. ANALYSIS

### A. The Court Grants Bountiful Baby's Motion for Leave to File an Overlength Brief.

The Court, having considered the motion and finding good cause, grants Bountiful Baby's motion to file an overlength motion for default judgment. Dkt. No. 16.

### B. Jurisdiction

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

This Court has subject matter jurisdiction for this copyright action under 28 U.S.C. § 1338(a) which provides "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to…copyrights and trademarks."

The Court has personal jurisdiction over Miaio because it submitted a counter infringement notice to Amazon. 17 U.S.C. § 512(g)(3)(D) (requiring a counter notice to include "a statement that the subscriber consents to the jurisdiction of…any judicial district in which the service provider may be found"). Amazon, the service provider, has its principal place of business in

Seattle, Washington. Dkt. Nos. 19-2, 19-3; *see also DP Creations*, 2024 WL 664710, at *2 ("[A]t the hearing held on the defendant's motion, Ke Yi's counsel acknowledged that Amazon could be found in the Western District of Washington or Delaware.").

**C.      Legal Standard**

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored[,]" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). At the default judgment stage, the court takes "the well-pleaded factual allegations" in the complaint "as true[,]" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). When considering whether to exercise discretion in entering a default judgment, courts may consider various factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors." *Fed. Nat. Mortg. Ass'n v. George,* No. EDCV 14-01679-VAP (SPx), 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015). This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. LCR 55(b)(2).

ORDER GRANTING MOTION FOR OVERLENGTH BRIEF AND GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT - 4

**D.     Bountiful Baby Is Entitled to Default Judgment Against Miaio for Copyright Infringement.**

As detailed below, the Court has considered each of the *Eitel* factors and concludes that Bountiful Baby is entitled to default judgment.

The first factor, prejudice to Bountiful Baby, favors granting default judgment because Bountiful Baby "has no recourse for recovery other than default judgment" because Miaio has failed to respond to this action. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (cleaned up).

"The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together." *Illumination Arts*, 33 F. Supp. 3d at 1211. Bountiful Baby moves for default judgement on its copyright infringement claim. To establish a claim for copyright infringement, a plaintiff must show two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012), *abrogated on other grounds as recognized by Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022). Once a default is entered against a party, all allegations other than damages are presumed to be true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Here, Bountiful Baby has shown ownership of valid and registered copyrights. Dkt. Nos. 1-1, 1-2. Bountiful Baby also alleges Miaio has infringed the head and arm sculptures that are copyrighted and has provided a copy of the product listing for the infringing item. Dkt. No. 1 ¶ 16 ("Defendant has made and used unauthorized reproductions of Bountiful Baby's original works, which are the subject of the Asserted Copyright."), Dkt. No. 1-4. Taking these allegations as true, Bountiful Baby has established its copyright claim against Miaio. Thus, these factors favor entry of default judgment.

Bountiful Baby concedes that the fourth factor, the sum of money at stake, weighs against entering default judgment because Bountiful Baby seeks $300,000 in statutory damages which is the maximum amount available for the willful infringement of two copyrights. 17 U.S.C. § 504(c)(2); *see also Cloudclinic LLC v. TheraPetic Sols., Inc.*, No. 17-CV-1293-JLS (NLS), 2018 WL 9538569, at *8 (S.D. Cal. May 21, 2018) ("Given that Plaintiff seeks the maximum damages, and there is a substantial amount of money at stake in this case, this factor weighs against the entry of default judgment."). The Court separately addresses whether statutory damages are appropriate, and how much is warranted, in Section II(E).

The fifth factor, the possibility of dispute over material facts, favors entering default judgment. Generally, after default has been entered, "courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations are true." *Illumination Arts*, 33 F. Supp. 3d at 1212.

The sixth factor, whether default is due to excusable neglect, favors entering default judgment because Miaio has been served with the complaint (Dkt. Nos. 10, 13) and Miaio's counsel has contacted Bountiful Baby's counsel "approximately twenty-eight times since the filing of this lawsuit" (Dkt. No. 19 ¶ 3). Miaio is aware of the action but has not participated.

The seventh factor weighs against entering default judgment because the Federal Rules of Civil Procedure favor resolution of claims through contested litigation. However, default judgment is not precluded by this finding. *See Emp. Painters' Trust v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591, *4 (W.D. Wash. July 6, 2020) (explaining that when a defendant fails to appear, the policy favoring a decision on the merits does not preclude the entry of default judgment).

On balance, the Court concludes the *Eitel* factors favor granting default judgment.

**E.     Bountiful Baby Is Entitled to $108,730.14 in Damages.**

Because the Court finds the *Eitel* factors weigh in favor of entry of default judgment against Miaio, the Court now considers whether Bountiful Baby is entitled to the remedies they seek. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Unlike allegations on liability, the Court does not consider defaulting defendants to have admitted the allegations concerning damages. *Id.* Plaintiffs moving for default judgment should submit "a declaration and other evidence establishing [their] entitlement to a sum certain and to any nonmonetary relief sought." LCR 55(b)(2).

    1. <u>Bountiful Baby is entitled to $100,000.00 in statutory damages for willful copyright infringement.</u>

A plaintiff may elect to receive statutory damages for a copyright infringement claim "regardless of the adequacy of the evidence offered as to [its] actual damages and the amount of the defendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (cleaned up); 17 U.S.C. § 504(c)(1). The Copyright Act sets a $750 minimum and a $30,000 maximum award of statutory damages for copyright infringement, and the maximum award can be increased to as much as $150,000 where the infringement was willful. 17 U.S.C. § 504(c)(1)–(2). "If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima" in the statute. *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (cleaned up). "While a plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014). Bountiful Baby seeks the maximum statutory damages of $150,000 for each of the two copyrights they alleged were willfully infringed. Dkt. No. 17 at 19–21.

ORDER GRANTING MOTION FOR OVERLENGTH BRIEF AND GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT - 7

Firstly, the Court agrees that Bountiful Baby's two copyrights should be considered separate works for purposes of awarding statutory damages because the copyrighted sculptures "may be distributed with other works (or by itself) depending on customer preference." Dkt. No. 18 ¶ 17; *see also Russell v. Invech Inc.*, No. 5:19-cv-01074-FMO-SHK, 2020 WL 6820805, at *7 (C.D. Cal. Oct. 26, 2020) (finding copyrights were separate works on default judgment based on corporate declaration that "copyrighted sculptural works were sold separately at different prices").

Turning to the amount of statutory damages for each infringed copyright, district courts in the Ninth Circuit use four factors to guide a statutory damages analysis. *See Illumination Arts*, 33 F. Supp. 3d at 1217. The four factors are "(1) the infringers' profits and the expenses they saved because of the infringement; (2) the plaintiff's lost revenues; (3) the strong public interest in ensuring the integrity of copyright laws; and (4) whether the infringer acted willfully." *Id*. The first two factors are similar and often analyzed together. *Id*. The balance of factors here favors a substantial award, but not the statutory maximum. *See, e.g.*, *Amazon.com v. Kurth*, No. 2:18-CV-00353-RAJ, 2019 WL 3426064, at *5 (W.D. Wash. July 30, 2019) (granting default judgment for $44,000 in trademark statutory damages and rejecting plaintiff's request for $750,000 in statutory damages when there was limited evidence of infringing sales).

For the first two factors, Bountiful Baby has provided evidence of the significant amounts of money Miaio saved by infringing Bountiful Baby's copyrights instead of investing in product development themselves, and that Bountiful Baby loses "as much as $10,000 per day to counterfeiters." Dkt. No. 18 ¶ 13. But Bountiful Baby also declares, "Miaio Toys has sold 61 copies of the accused product to customers in the United States." Dkt. No. 19 ¶ 2. The Court must balance the severe harm to Bountiful Baby from counterfeiting in general, with the limited harm caused by the counterfeit of the product at issue in this case. *See Silicon Valley Textiles, Inc. v. Sofari Collections Ltd.*, No. 23-CV-03988-RS, 2023 WL 8242105, at *5–6 (N.D. Cal. Nov. 28,

2023) (finding these factors weighed in favor of maximum statutory damages when the copyrighted material was used in hundreds of items, and plaintiff provided "information that it has lost over $100,000 in revenue from *Defendants*['] infringement" (emphasis added)).

For the third factor, the integrity of copyright laws, the Court focuses on protecting "the entire entrepreneurial system upon which a copyright holder relied." *Illumination Arts*, 33 F. Supp. 3d at 1218.  Here, Miaio submitted a counter infringement notice which forced Bountiful Baby to file a lawsuit in the District of Utah.  Dkt. No. 1-5.  In that lawsuit, Miaio moved for a dismissal due to lack of personal jurisdiction which led to this case that Miaio now refuses to participate in.  These acts appear to "sneer in the face of copyright owners and copyright laws" and weigh in favor of a larger statutory award. *Illumination Arts*, 33 F. Supp. 3d at 1218.

Lastly, on default judgment, the Court accepts Bountiful Baby's allegations that the infringement was willful. *See Derek Andrews, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (finding that allegations of willful copyright infringement were deemed true in an action for entry of a default judgment).

Taking all these factors into consideration, the Court finds an award of $50,000 per infringed copyright appropriate.

2. <u>Bountiful Baby Is Entitled to $8,730.14 in Attorney's Fees and Costs.</u>

The Copyright Act authorizes district courts to award "full costs," including a reasonable attorney's fee, to the prevailing party.  17 U.S.C. § 505.  The decision whether to award attorney's fees falls within the Court's discretion. *See id.*  "The Supreme Court has provided a nonexclusive list of factors for courts to consider in making a fee determination: (1) frivolousness; (2) motivation; (3) objective legal or factual unreasonableness; and (4) the need to advance the considerations of compensation and deterrence." *Cheddar Creations, Inc. v. Pawico*, No. 2:20-CV-01768-LK, 2024 WL 1346856, at *9 (W.D. Wash. Mar. 31, 2024) (citing *Fogerty v. Fantasy,*

*Inc.*, 510 U.S. 517, 534 n.19 (1994)).  The Ninth Circuit also considers "the degree of success obtained in the litigation, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious litigant." *Id.* Bountiful Baby seeks $8,730.14 in attorney's fees and costs.  Dkt. No. 17 at 21.

Bountiful Baby is entitled to its reasonable attorney's fees because it is the prevailing party; there is no evidence of frivolousness, bad intent, or substantive unreasonableness of the claim; and an award of attorney's fees would "advance considerations of compensation and deterrence" and further the purposes of the Copyright Act.  *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018).

The amount of attorney's fees Bountiful Baby seeks is also reasonable.  The Court has an independent duty to assess the reasonableness of a motion for attorney's fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  The Ninth Circuit has upheld district courts' application of the "lodestar method" for calculating reasonable attorney's fees, which calculates reasonable attorney's fees by "multiplying the number of hours reasonably expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The moving party requesting attorney's fees bears "the burden of submitting billing records to establish that the number of hours it has requested is reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Bountiful Baby submitted billing records evidencing that attorney Brian Platt billed 10 hours at a rate of $525 per hour, and his paralegal Jennifer Hunter billed 9 hours at a rate of $325 per hour. Dkt. No. 20 ¶ 6.  Both billers have approximately 20 years of experience in their professions.  *Id.* ¶¶ 7–8.  Based on the Court's familiarity with prevailing rates in this district and review of the timesheets provided by Bountiful Baby (Dkt. No. 20-1), the Court finds the time spent and the hourly rates are reasonable.  *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (holding

"judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees"). Bountiful Baby is entitled to $8,175.00 in attorney's fees.

Bountiful Baby is also entitled to its "full costs" in bringing this action, which total $555.14 (Dkt. No. 20 ¶ 6). 17 U.S.C. § 505.

### F. Bountiful Baby Is Entitled to a Permanent Injunction Against Miaio.

Bountiful Baby seeks a permanent injunction prohibiting Miaio "and its agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with them" from:

> a. Creating, displaying, shipping, or selling any copy of any copyrighted works owned and/or registered by Bountiful Baby;
> b. Engaging in any activity constituting an infringement of any copyrighted works owned and/or registered by Bountiful Baby; and
> c. Knowingly and materially assisting any other person or business entity in engaging in or performing any of the activities listed above.

Dkt. No. 17-1 at 2.

Under 17 U.S.C. § 502(a), the Court can "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." For the Court to grant a permanent injunction, a plaintiff must demonstrate that: (1) it has suffered irreparable injury; (2) the remedies available at law are inadequate; (3) a remedy in equity is warranted, considering the hardships imposed on the parties; and (4) a permanent injunction would not be contrary to the public interest. *See Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 n.11 (9th Cir. 2006). Generally, an injunction "must be narrowly tailored" to remedy only the specific harms shown by a plaintiff, "rather than to enjoin all possible breaches of the law." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004). Based on the allegations in the complaint, Bountiful Baby has demonstrated that it is entitled to permanent injunctive relief against Miaio.

First, irreparable harm is not presumed in copyright infringement cases. *Flexible Lifeline Sys. v. Precision Lift, Inc.*, 654 F.3d 989, 994–95 (9th Cir. 2011). Here, the declaration of Nevin Pratt demonstrates actual irreparable harm:

> The Defendant's counterfeiting has caused harm to Bountiful Baby's reputation and goodwill and has undermined the value of its business. Customers unknowingly choose to buy cheap, inferior copies of Bountiful Baby's products and are disappointed with the low quality of the counterfeit goods. It is not uncommon for angry customers, having purchased a counterfeit, to call Bountiful Baby to express their frustration.

Dkt. No. 18 at ¶ 16. Such uncontroverted evidence is sufficient to show a likelihood of irreparable harm to support a preliminary injunction. *See Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 866 (9th Cir. 2017) (affirming entry of permanent injunction based on plaintiff's corporation declaration).

Second, Bountiful Baby showed Miaio filed a counter infringement notice (Dkt. No. 1-5), indicating an intent to continue the infringement such that monetary relief is insufficient. *See Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009) ("[M]onetary damages would not prevent Psystar from continuing to infringe Apple's copyrights and violate the DMCA in the future[.]"), *aff'd*, 658 F.3d 1150 (9th Cir. 2011).

Third, the burden on Miaio is not a hardship because the narrow language of the injunction merely requires it to follow the law. *Psystar Corp.*, 673 F. Supp. 2d at 950 ("Psystar does not (and cannot) claim any *legitimate* hardships as a result of being enjoined from committing unlawful activities[.]"). To this end, the Court edits Bountiful Baby's proposed injunction to follow Federal Rule of Civil Procedure 65(d)(2) to only apply to Miaio and its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them and who receive actual notice of the injunction.

Fourth, and finally, the public benefits when "the legitimate rights of copyright holders are vindicated." *Psystar Corp.*, 673 F. Supp. 2d at 950.

In sum, a permanent injunction is an equitable and appropriate remedy in this case.

### III.  CONCLUSION

For these reasons, the Court GRANTS Bountiful Baby's motion to file an overlength motion for default judgment. Dkt. No. 16.

Further, the Court GRANTS IN PART and DENIES IN PART Bountiful Baby's motion for default judgment. Dkt. No. 17.

The Court awards Bountiful Baby $100,000 in statutory damages and $8,730.14 in attorney's fees and costs.

The Court ORDERS that, effective immediately upon the entry of this Permanent Injunction, Defendant, together with its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them that receive actual notice of the injunction, shall be and are hereby permanently enjoined and restrained from:

- Creating, displaying, shipping, or selling any copy of any copyrighted works owned and/or registered by Bountiful Baby;
- Engaging in any activity constituting an infringement of any copyrighted works owned and/or registered by Bountiful Baby; and
- Knowingly and materially assisting any other person or business entity in engaging in or performing any of the activities listed above.

The Clerk is instructed to close this case.

Dated this 5th day of November, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge